TORRES ET AL. *v.* PÉREZ.

APPEAL from the District Court of Mayagüez.

No. 837.—Decided June 28, 1912.

PROCEEDINGS—SPECIAL PROCEEDINGS.—The words "to actions or proceedings" used in section 327 of the Code of Civil Procedure as amended by an Act of March 12, 1908, refer to all actions or proceedings, special proceedings included.

COSTS—UNLAWFUL DETAINER—DISCRETION OF JUDGE—ERROR.—Section 330 of the Code of Civil Procedure was repealed by the Act of March 12, 1908, and therefore a trial judge who in an action of unlawful detainer refuses to allow costs to a party, exercising the discretional power conferred on him by section 327 of the Code of Civil Procedure as amended by the Act of March 12, 1908, commits no error.

The facts are stated in the opinion.
*Mr. José Sabater* for appellant.
*Mr. José Ramón Freyre* for appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the defendant won below, but without costs, and she appealed.

Section 327 of the Code of Civil Procedure, as originally passed, read as follows:

"Sec. 327. The measure and mode of compensation of attorneys and counsellors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

Section 328 named the number of cases in which the plaintiff was entitled to costs as of course, and section 330 mentioned the same cases in which a defendant might recover his costs as of course.

Sections 327, 328 and 330 were, therefore, intimately related.

In 1908 the legislature passed an act to amend sections 327 and 339 of the Code of Civil Procedure. Section 327, thus amended, reads as follows:

"Parties to actions or proceedings are entitled to costs and disbursements incurred by them, subject to the rules hereinafter provided. In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services: *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding: *And provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered."

The parties to actions or proceedings meant all actions or proceedings, including special proceedings. The fact that special proceedings are mentioned in section 328 as originally passed makes no difference because section 327 as originally passed referred to actions and proceedings in general. Therefore, the contention of the appellant who, as defendant, won below, that the amendment of 1908 referred solely to section 327 and not to sections 327 and 339 cannot prevail, and the conclusion to which we have come is fortified by the concluding words of the act of March 12, 1908, heretofore referred to, wherein it says: "All laws or parts of

laws in conflict with this act are hereby repealed." In so far as section 330 would seem to award costs as of course to a defendant in a special proceeding, it is repealed *pro tanto* by the provisions of the said law of March 12, 1908, ( *J. Ochoa Hermanos* v. *Succession of Lanza,* 17 P. R. R., 701), and. the court below committed no error in refusing to award costs.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.